Dear Mr. Myers:
This office is in receipt of your request for an opinion of the Attorney General in regard to billing practices of the Bienville Parish Coroner. In regard to what is the appropriate billable amount for a death occurring within the Town of Ringgold at the Nurse Care Center you ask the following questions:
 1. Is the coroner entitled to bill for investigation and
for viewing the body, or is it appropriate that there should only be a bill for an investigation or for viewing the body;
 2. What constitutes "viewing the body" and what documentary evidence should be submitted, if any, to establish that an investigation was conducted.
We will answer your questions under the assumption you are referring to a death from natural causes, and that the decedent was domiciled in Bienville Parish and not simply residing at a nursing center in the Parish. As pointed out in Atty. Gen. Op. No. 91-508 in R.S. 33:1556D for a death by natural causes in a parish other than the domicile of the individual, if the coroner of the parish in which the death occurred initially viewed the body or investigated the death, he shall forward all information from the initial investigation to the coroner where the decedent was domiciled, and the coroner where the decedent was domiciled shall complete all necessary documents, including the death certificate. Similarly, in Atty. Gen. Op. No. 90-235 which involved a decedent residing in a nursing home in Red River Parish but domiciled in Natchitoches Parish it was concluded the fees for viewing the body or investigating the death are paid by the parish or municipality of the place of death.
Both the Code of Criminal Procedure and Title 33 of the Revised Statutes impose upon the coroner a duty to conduct an investigation concerning the manner and cause of any death when that death is unexpected, sudden, from an injury or accident, or due to trauma from whatever cause or natural causes but not seen by a physician in the last thirty-six hours. Thus, a death from natural causes can require an investigation, but where there is no reason to suspect violence, the coroner may make a death certificate from statements of relatives, persons in attendance during the last illness or the death, or others having adequate knowledge of the circumstances. Therefore, the coroner's duty does not end with viewing the body. He must furnish a death certificate based on his examination, and must state as best he can the cause and means of death.
In the list of fees for the coroner in R.S. 33:1556 is the payment of fifty dollars for every investigation, including the necessary paper work and reports, and also listed is the payment of fifty dollars for viewing bodies. Inasmuch as the fee of fifty dollars for every investigation specifies it includes issuing necessary papers and reports, but does not include viewing the body which is listed separately, we would conclude the legislature intended the coroner was entitled to bill for investigation and viewing the body. It is apparent after a coroner views a body he has not completed his duties. We conclude a coroner may be entitled to bill $100 as the fees for an investigation and viewing the body.
We find no statutory definition of what constitutes "viewing the body" but we would conclude it would be exactly what the terms are commonly understood to mean to attest to the individual being dead and that there was no apparent foul play as opposed to an investigation determining the cause of death which can be a cursory investigation of those with knowledge of the circumstances surrounding a natural death or a detailed forensic examination.
Inasmuch as the coroner must determine the cause of death we would conclude the issuance of a death certificate stating the cause of death is documentary evidence to support the fee for viewing of the body and investigation. Additionally, we understand coroners keep a daily record of the deaths occurring under his jurisdiction which can be utilized as evidence he viewed the body and made an investigation into the cause of death.
We hope this sufficiently answers your questions but if we can be of further assistance do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR